## NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2023 KA 0830

STATE OF LOUISIANA

VERSUS

SHADERICK D. JONES

*DATE OF JUDGMENT:*    APR 1 7 2024

ON APPEAL FROM THE EIGHTEENTH JUDICIAL DISTRICT COURT
PARISH OF WEST BATON ROUGE, STATE OF LOUISIANA
NUMBER 210378, DIVISION B

HONORABLE TONYA S. LURRY, JUDGE

\* \* \* \* \* \*

Antonio M. "Tony" Clayton
District Attorney
Terri Russo Lacy
Assistant District Attorney
Port Allen, Louisiana

Counsel for Appellee
State of Louisiana

Lieu T. Vo Clark
Mandeville, Louisiana

Counsel for Defendant-Appellant
Shaderick D. Jones

\* \* \* \* \* \*

BEFORE: GUIDRY, C.J., CHUTZ, AND LANIER, JJ.

Disposition: CONVICTIONS AND SENTENCES AFFIRMED.

**CHUTZ, J.**

The defendant, Shaderick D. Jones, was charged by amended bill of information with twenty-four counts of possession of pornography involving juveniles under the age of thirteen, violations of La. R.S. 14:81.1(A)(1), (E)(1)(a), and (E)(5)(a), and fifty-five counts of sexual abuse of an animal, violations of La. R.S. 14:89.3(A)(7) and (D)(1)(a). The defendant entered a plea of not guilty and, following a jury trial, was found guilty as charged on all counts. The trial court sentenced the defendant to fifteen years at hard labor without benefit of parole, probation, or suspension of sentence on each of the twenty-four counts of possession of pornography involving juveniles; the trial court ordered the sentences for eighteen of these counts to run concurrently and the sentences for six of these counts to run consecutively, for total consecutive sentences of ninety years on these counts. As to the fifty-five counts of sexual abuse of an animal, the trial court sentenced the defendant to five years at hard labor on each count; the trial court ordered fifty-three of these counts to run concurrent to one another and to all other sentences, with the remaining two counts to run consecutive to each other and to all other sentences, for total consecutive sentences of ten years on these counts. The combined consecutive sentences for all counts totaled one hundred years. The trial court denied the defendant's motion to reconsider sentence. On appeal, the defendant assigns error to the trial court's denial of his motion to reconsider sentence and to the excessiveness of his sentences. For the following reasons, we affirm his convictions and sentences.

## FACTS

The defendant, a deputy with the Iberville Parish Sheriff's Office, lived with his girlfriend, Mariah Kinchen, in Port Allen, Louisiana. On June 7, 2019, Ms. Kinchen was using the defendant's tablet when a disturbing message from his ex-

girlfriend came across the screen. Ms. Kinchen sent the message, which was originally intended for the defendant, to her friend, who then alerted law enforcement. Officers obtained a search warrant for the defendant's residence and, while executing the warrant, confiscated several of the defendant's cell phones, tablets, and other electronic devices. A search of these devices revealed numerous illegal pornographic images downloaded by the defendant between November of 2016 and January of 2018. The defendant was arrested and ultimately charged with twenty-four counts of pornography involving juveniles and fifty-five counts of sexual abuse of an animal.

## DISCUSSION

In combined assignments of error, the defendant argues his consecutive sentences, which total one hundred years, are unconstitutionally excessive, and the trial court erred in denying his motion to reconsider sentence.

The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of cruel or excessive punishment. A sentence within statutory limits may still be considered excessive if it is grossly disproportionate to the seriousness of the offense, or is nothing more than a purposeless and needless infliction of pain and suffering. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, the sentence shocks the sense of justice. **State v. Anderson,** 2022-0587 (La. App. 1st Cir. 12/22/22), 357 So.3d 845, 852, writ denied, 2023-00352 (La. 9/6/23), 369 So.3d 1267.

The trial court has great discretion in imposing a sentence within the statutory limits, and such a sentence will not be set aside as excessive in the absence of an abuse of discretion. Louisiana Code of Criminal Procedure article 894.1 sets forth the factors for the trial court to consider when imposing a sentence. While the entire checklist of Article 894.1 need not be recited, the record must reflect the trial court

3

adequately considered the criteria. The trial judge should review the defendant's personal history, his prior criminal record, the seriousness of the offense, the likelihood that he will commit another crime, and his potential for rehabilitation through correctional services other than confinement. **Anderson**, 357 So.3d at 852.

If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all of the terms be served consecutively. La. Code Crim. P. art. 883. Thus, Article 883 specifically excludes from its scope sentences that the court expressly directs to be served consecutively. A trial judge retains discretion to impose consecutive penalties based on the offender's past criminality, the violence in the charged crimes, or the risk he or she poses to the general safety of the community. Although the imposition of consecutive sentences requires particular justification when the crimes arise from a single course of conduct, consecutive sentences are not necessarily excessive. The failure to articulate specific reasons for imposing consecutive sentences does not require remand if the record provides an adequate factual basis to support the consecutive sentences. **State v. Alexander**, 2021-1346 (La. App. 1st Cir. 7/13/22), 344 So.3d 705, 725-26, writ denied, 2022-01262 (La. 11/8/23), 373 So.3d 62. On appellate review, the relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. **Anderson**, 357 So.3d at 852.

Whoever commits the crime of possession of pornography involving juveniles when the victim is under the age of thirteen years shall be punished by imprisonment at hard labor for not less than ten years nor more than forty years, without benefit of parole, probation, or suspension of sentence. La. R.S. 14:81.1(E)(1)(a) & (E)(5)(a). The defendant was found guilty of twenty-four counts of possession of pornography involving juveniles under the age of thirteen. For each count, he faced a sentencing

4

range of ten to forty years imprisonment. Whoever commits the crime of sexual abuse of an animal shall be imprisoned, with or without hard labor, for not more than five years. La. R.S. 14:89.3(D)(1)(a). The defendant was found guilty of fifty-five counts of sexual abuse of an animal. For each count, he faced up to five years imprisonment.

Prior to sentencing the defendant, the trial court reviewed the presentence investigation report prepared in this case, noting that the defendant was a first-time offender with no prior criminal history. However, the trial court also noted that the defendant's status as a law enforcement officer, combined with the number of offenses and the nature of the crimes of which he was convicted, weighed against leniency. With these considerations in mind, the trial court sentenced the defendant to consecutive terms of imprisonment totaling one hundred years. In denying the defendant's motion to reconsider sentence, the trial court reiterated its rationale, stating:

> I took everything into consideration before I sentenced [the defendant]. Everything that the jury saw, all of the evidence, the counts against him, the nature of the crimes, the victims, the number of counts, and the lack of his criminal history, and I would not be telling the truth if I said that I didn't take into consideration also that he was a police officer . . . I looked at the factors that I'm supposed to consider in sentencing, and I came up with an amount of time that I felt was sufficient for the crime. This crime is something that is probably one of the most offensive crimes that we have in our society, and that does . . . weigh on the sentencing. I understand that it's a lot of time, but, again, it's a very offensive crime, and it was . . . a very high number of counts.

We find no abuse of discretion in the trial court's sentences nor its denial of the defendant's motion to reconsider sentence. The trial court dutifully considered the sentencing factors set forth in Article 894.1 before arriving at its decision. Moreover, we note the defendant faced a sentencing range of ten to forty years on each of the twenty-four counts of possession of pornography involving juveniles.

Accordingly, the trial court's imposition of fifteen years imprisonment on each count was at the low end of the sentencing range and cannot be said to be excessive.

Although the defendant argues that consecutive sentences are inappropriate where the convictions arise out of a single course of criminal conduct, we disagree with the defendant's characterization of these charges. The evidence produced at trial indicated that the images on the defendant's phones, which form the basis for the seventy-nine counts against him, were diligently collected and downloaded over the course of several years. The images extracted from one cell phone were downloaded between November and December of 2016, and the images extracted from a second cell phone were downloaded between August of 2017 and January of 2018. This was not a single act in which the defendant, at one time, accessed seventy-nine illegal pornographic images. Rather, the defendant committed seventy-nine discrete and uniquely horrifying crimes, with untold numbers of victims. See **State v. Fussell**, 2006-2595 (La. 1/16/08), 974 So.2d 1223, 1235 (The statute governing offense of intentional possession of pornography involving juveniles allows a separate conviction on a separate count for each child, in each sexual performance, captured in any photographs, films, videotapes, or other visual reproductions that a defendant intentionally possesses.).

The defendant's crimes are made all the more egregious by the fact that he was a deputy with the Iberville Parish Sheriff's Office when he committed them. As a law enforcement officer, he had a duty to protect society's most vulnerable. It is difficult to conceive of an act of betrayal more heinous than that perpetrated by the defendant upon a community he was sworn to serve. See **State v. Mischler**, 2018-1352 (La. App. 1st Cir. 5/31/19), ___ So.3d ___, 2019 WL 2334219, *13, writs denied, 2019-01100, 2019-01248 (La. 2/26/20), 347 So.3d 875 and 880; see also **State v. Yetman**, 54,883 (La. App. 2d Cir. 1/11/23), 354 So.3d 1262, 1268.

As one of the worst offenders whose conduct constituted the worst of offenses, the defendant does not show, nor do we find, that the trial court abused its discretion in sentencing him to consecutive sentences totaling one hundred years imprisonment. These combined assignments of error are without merit.

**CONVICTIONS AND SENTENCES AFFIRMED.**